# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALAN URESTI, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ROSARIO REYES, Individually and/or | § | SA-11-CV-0903 OG |
| Jointly and as Attorney at Law and | § | |
| Officer of the Court; | § | |
| DOUGLAS DUNN, Individually and/or | § | |
| Jointly and as Employee of Milan | § | |
| Institute of Cosmetology; | § | |
| MILAN INSTITUTE OF | § | |
| COSMETOLOGY, Individually and/or | § | |
| Jointly and as Employer of Douglas Dunn; | § | |
| AMARILLO COLLEGE OF | § | |
| HAIRDRESSING, INC., Individually | § | |
| and/or Jointly doing business as Milan | § | |
| Institute of Cosmetology, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

TO:    Honorable Orlando Garcia
       United States District Judge

This report and recommendation recommends dismissing this case under

28 U.S.C. § 1915 for lack of subject matter jurisdiction.  On November 1, 2011, plaintiff

Alan Uresti filed motions to proceed in forma pauperis[1] and for the appointment of

---

[1]Docket entry # 1.

counsel.[6] The district judge referred the motions to me. I screened the case under section

1915(e) and determined that the court lacks subject matter jurisdiction over Uresti's

claims.

**Dismissal under 28 U.S.C. § 1915**. Under 28 U.S.C. § 1915, the court must screen

an IFP complaint and dismiss the complaint if the court determines the complaint is

frivolous or malicious or fails to state a claim on which relief may be granted.[7] This

provision permits the court to dismiss those claims whose factual contentions are clearly

baseless.[8] Dismissal of a claim as frivolous is appropriate where the claim lacks an

arguable basis either in law or in fact.[9] Similarly, the "district court may dismiss an

action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as

long as the procedure employed is fair.'"[10] Analyzing the merits of a plaintiff's claim in a

report and recommendation and giving the plaintiff an opportunity to object to the

recommendation is a fair process for dismissing a case.

---

[6]Docket entry # 2.

[7]28 U.S.C. § 1915(e)(2)(B).

[8]*See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir.1995).

[9]*See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

[10]*Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citation omitted). *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (explaining that the "district court may dismiss a complaint on its own for failure to state a claim" so long as a fair procedure is employed).

**Nature of the case.** Uresti's pleadings indicate he was trained as a barber or a hairdresser by defendant Amarillo College of Hairdressing, Inc.—a campus of defendant Milan Institute of Cosmetology. Defendant Rosario Reyes is an attorney who represented the mother of Uresti's son (JAU) in a state-court lawsuit involving the managing conservatorship of JAU. This lawsuit flowed from that proceeding.

In his proposed complaint, Uresti seeks to name the college, the institute and the institute's custodian of records, Douglas Dunn (together, Milan), as defendants and complain that Milan released his school records to Reyes. Uresti seeks to assert a civil rights claim for invasion of privacy and the denial of due process. He alleges that Reyes disclosed illegally attained information—his Milan school records—during the trial of his case and sabotaged his efforts to obtain custody of his son.[11] Uresti stated that Reyes obtained the records pursuant to a subpoena in a state-court case involving his other son (JRV).[12] Uresti alleges that Milan conspired with Reyes to provide his school records to derail his right to privacy.[13] Uresti also asserts a state cause of action for invasion of privacy. Uresti's proposed complaint shows the district court lacks subject matter jurisdiction over his claims.

**Lack of jurisdiction.** A federal court has original jurisdiction over civil rights

---

[11]Docket entry # 1, ex. 2, ¶ 11 (proposed complaint).

[12]*Id.* at ¶ 15.

[13]*Id.* at ¶¶ 47 & 48.

cases alleging violations of federal constitutional rights.[14]  Uresti seeks to sue the

defendants for violating his civil rights.  A plaintiff can bring a claim for a violation of his

federal civil rights under 42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law."[15]  "[T]he

under-color-of-state-law element of [section] 1983 excludes from its reach 'merely private

conduct, no matter how discriminatory or wrongful.'"[16]  "[S]tate employment is generally

sufficient to render the defendant a state actor...."[17] for the purpose of section 1983.

Uresti did not name a state actor as a defendant.  Uresti identified Reyes as "a

lawyer and an officer of the Bexar County District Courts in Bexar County Texas."

Although Uresti characterized Reyes as an officer of a government entity—a state

county—Uresti's allegations show that Reyes is not a state actor.  Instead, Reyes is a

private attorney who represented JAU's mother in the state-court lawsuit.  Uresti

identified the Milan defendants as private training programs.  A private training

program is not a state actor.  Uresti identified Dunn as an employee of a private training

---

[14]28 U.S.C. § 1343.

[15]*West v. Atkins*, 487 U.S. 42, 48 (1988).

[16]*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

[17]*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982).

program. Dunn is not a state actor. Without a state actor, Uresti's civil rights claim fails to state a claim because no basis exists for subject matter jurisdiction.

A federal court also has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.00.[18] Uresti's proposed complaint shows diversity of citizenship does not exist. Diversity of citizenship exists when no plaintiff is a citizen of the same state as any defendant.[19] Uresti stated that he is a citizen of Texas and alleged that Milan employee Dunn resides in Texas. These allegations show that complete diversity does not exists because plaintiff Uresti is a citizen of the same state as defendant Dunn. Without diversity of citizenship, the court lacks jurisdiction over Uresti's state-law claim. In the absence of a basis for federal court jurisdiction, this case fails to state a claim upon which relief may be granted.

**Uresti's litiation history.** Uresti has a protracted litigation history flowing from state-court lawsuits involving managing conservatorship of his sons. Uresti twice petitioned for writs of mandamus and once petitioned for habeas relief in state-court Cause No. 95-CI-13445. That proceeding involved JRV. Uresti complained about orders signed by state-court judges Andy Mireles, Janet Littlejohn, Martha Tanner, Richard E.

---

[18]28 U.S.C. § 1332.

[19]*See Powell v. Offshore Navigation*, 644 F.2d 1063, 1066 (5th Cir. 1981) ("The rule of *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806), bars diversity actions where any defendant is a citizen of the same state as is the plaintiff.").

Price, Delia E. Carian, Karen Pozza, and Antonia Artega. The Fourth Court of Appeals denied the petitions with memorandum opinions.[20]

In the state-court lawsuit underlying this lawsuit, Uresti tried to subpoena state-court judges Sol Casseb III, Rene McElhaney, Peter Sakai, and Marialyn Barnard. The state court quashed the subpoenas.[21] Uresti also petitioned for a writ of mandamus in that lawsuit[22] and complained about judges Casseb and Sakai. The Fourth Court of Appeals denied the petition.

Uresti appealed the judgment. The state court of appeals dismissed the appeal for failure to prosecute, stating that the record showed Uresti was not indigent and that Uresti failed to pay for preparation of the clerk's record.[23] Uresti also petitioned for review from the Supreme Court of Texas and challenged orders entered by judges Casseb and Sakai. Uresti complained in his petition that he moved to recuse judges Casseb and Sakai and asserted that orders entered in the underlying lawsuit were void.

Uresti sued state-court judge Michael Peden and defendant-attorney Reyes in state-court Cause No. 2009-CI-15887. The state court entered summary judgment in favor

---

[20]*See* attached Fourth Court of Appeals orders in Appeal Nos. 04-09-774-CV, 04-10-341-CV & 04-10-400-CV.

[21]*See* attached Order, Cause No. 2006-CI-09548 (288th Jud. Dist., Bexar County, Tx Sept. 13, 2010) (ex. to pet. for writ of mandamus).

[22]*See* attached Fourth Court of Appeals order in Appeal No. 04-11-153-CV.

[23]*See* attached Fourth Court of Appeals order in Appeal No. 04-10-717-CV.

of Judge Peden and Reyes.[24]

On August 30, 2011, Uresti sued attorney Chance L. Heinsohn for legal malpractice in Cause No. 2011-CI-14152. That case is pending in the 438th Judicial District Court, Bexar County. Uresti complained to the Texas State Commission on Judicial conduct about communications between Reyes and Judge Littlejohn.

Uresti's litigation history indicates Uresti may continue to pursue litigation aimed at judges and attorneys associated with his efforts to obtain conservatorship of his sons in federal court. Because Uresti may not understand the consequences of pursuing frivolous and/or harassing litigation in federal court, I recommend warning Uresti under Rule 11.

**Recommendation**. Because the court lacks subject matter jurisdiction over Uresti's claims, I recommend dismissing this case under section 1915(e). If the court accepts this recommendation, Uresti's motion to proceed IFP (docket entry # 1) and motion for appointment (docket entry # 2) will be moot.

I also recommend warning Uresti under Rule 11.[25] That rule permits the district

---

[24]*See* attached state-court docket sheet for Cause No. 2009-CI-15887.

[25]Fed. R. Civ. P. 11. The rule provides the following:

By presenting to the court a pleading, …an …unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

court to sanction a litigant who violates the rule.  Although this case is Uresti's first effort to litigate in federal court, his state-court filings support a Rule 11 warning.  I recommend directing Uresti to read Rule 11 and advising Uresti that the court may sanction a litigant who violates Rule 11.

**Instructions for Service and Notice of Right to Object/Appeal.**  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[26]  Such party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or

---

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims...and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery....

[26] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[27]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[28]

     **SIGNED** on November 21, 2011.

*Nancy Stein Nowak*

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[27]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[28]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

# STATE COURT PAPERS



*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★   ★   ★                          ★   ★   ★

## MEMORANDUM OPINION

No. 04-09-00774-CV

**IN RE Alan URESTI**
Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Karen Angelini, Justice
Rebecca Simmons, Justice
Marialyn Barnard, Justice

Delivered and Filed: December 16, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On December 3, 2009, relator filed a petition for writ of mandamus. The court has considered relator's petition for writ of mandamus and is of the opinion that relator is not entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

---

[1] This proceeding arises out of Cause No. 1995-CI-13445, pending in the 150th Judicial District Court, Bexar County, Texas, the Honorable Janet Littlejohn presiding.



*Court Of Appeals*

*Fourth Court of Appeals District of Texas*
*San Antonio*

★   ★   ★                                             ★   ★   ★

## MEMORANDUM OPINION

No. 04-10-00341-CV

**IN RE Alan URESTI**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Catherine Stone, Chief Justice
              Phylis J. Speedlin, Justice
              Steven C. Hilbig, Justice

Delivered and Filed: May 19, 2010

PETITION FOR WRIT OF MANDAMUS DENIED

      On May 4, 2010, relator filed a petition for writ of mandamus.  The court has considered

relator's petition for writ of mandamus and is of the opinion that relator is not entitled to the relief

sought.  Accordingly, the petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P. 52.8(a).

                                     PER CURIAM

---

    [1] This proceeding arises out of Cause No. 95CI13445, *styled In the Interest of J.V.U.,* in the 288th Judicial District Court, Bexar County, Texas, the Honorable Sol Casseb III presiding.  However, relator complains about various orders signed by the following judges: the Honorable Andy Mireles (deceased), former presiding judge of the 73rd Judicial District Court, Bexar County, Texas; the Honorable Janet Littlejohn, presiding judge of the 150th Judicial District Court, Bexar County, Texas; the Honorable Martha Tanner, presiding judge of the 166th Judicial District Court, Bexar County, Texas; the Honorable Richard E. Price, former presiding judge of the 408th Judicial District Court, Bexar County, Texas; the Honorable Delia E. Carian, associate judge of the Child Support Court, Bexar County, Texas; the Honorable Karen Pozza, presiding judge of the 407th Judicial District Court, Bexar County, Texas; the Honorable Antonia Arteaga, presiding judge of the 57th Judicial District Court, Bexar County, Texas.



*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00400-CV

**IN RE Alan URESTI**

Original Habeas Corpus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Rebecca Simmons, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: June 2, 2010

PETITION FOR WRIT OF HABEAS CORPUS DENIED

On May 21, 2010, relator filed a petition for writ of habeas corpus.  The court has considered

relator's petition for writ of habeas corpus and is of the opinion that relator is not entitled to the relief

sought.  Accordingly, the petition for writ of habeas corpus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

---

[1] This proceeding arises out of Cause No. 95CI13445, *styled In the Interest of J.V.U.*, in the 288th Judicial District Court, Bexar County, Texas, the Honorable Sol Casseb III presiding.  However, relator complains about various orders signed by the following judges: the Honorable Andy Mireles (deceased), former presiding judge of the 73rd Judicial District Court, Bexar County, Texas; the Honorable Janet Littlejohn, presiding judge of the 150th Judicial District Court, Bexar County, Texas; the Honorable Martha Tanner, presiding judge of the 166th Judicial District Court, Bexar County, Texas; the Honorable Richard E. Price, former presiding judge of the 408th Judicial District Court, Bexar County, Texas; the Honorable Delia E. Carian, associate judge of the Child Support Court, Bexar County, Texas; the Honorable Karen Pozza, presiding judge of the 407th Judicial District Court, Bexar County, Texas.

NO. 2006-CI-09548

# Exhibit C

IN THE INTEREST OF

J      A. U

A CHILD

)
)
)
)
)

IN THE DSITRICT COURT

288TH JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

## ORDER GRANTING MOTION TO QUASH SUBPOENAS

On this date, the Court considered the Motion to Quash Subpoenas filed herein by Bexar County District Judges SOLOMON CASSEB, III, RENEE McELHANEY, PETER SAKAI, and all other District Judges who may be served with subpoenas in this cause to appear on September 13, 2010. After hearing the argument of the pro se party and counsel, the Court finds that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that the subpoenas for Judge SOLOMON CASSEB, III, JUDGE RENE McELHANEY, JUDGE PETER SAKAI, and all other District Judges who may be served with subpoenas in this cause to appear in Court on September 13, 2010 are QUASHED.

SIGNED   _September 13, 2010_

_____
JUDGE PRESIDING

_Approved as to Form:_

_Dinah Gaines_
_Staff Attorney_
_SBN 07570700_
_Atty for District Judges_

_James E. Custom_
_Assistant Attorney General_
_SBN 24004605_

_Rosie King_
_attorney at law_



Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★    ★    ★    ★    ★    ★



## MEMORANDUM OPINION

No. 04-11-00153-CV

**IN RE** Alan **URESTI**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice

Delivered and Filed: March 16, 2011

PETITION FOR WRIT OF MANDAMUS DENIED

On February 24, 2011, relator filed a petition for writ of mandamus. The court has considered relator's petition and is of the opinion that relator is not entitled to the relief sought. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

---

[1] This proceeding arises out of Cause No. 2006-CI-09548, styled *In the Interest of J.A.U.*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Sol Casseb, III presiding. However, relator lists as respondents both Judge Sol Casseb, III and Judge Peter Sakai, presiding judge of the 225th Judicial District Court, Bexar County, Texas.





## MEMORANDUM OPINION

No. 04-10-00717-CV

Alan **URESTI**,
Appellant

v.

Joann **GUTIERREZ**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-09548
Honorable Solomon Casseb, III, Judge Presiding

PER CURIAM

Sitting:      Phylis J. Speedlin, Justice
              Rebecca Simmons, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  February 9, 2011

DISMISSED

The clerk's record was due on December 1, 2010, and has not been filed.  On December 6, 2010, the trial court clerk filed a notification of late record stating that appellant had failed to pay or make arrangements to pay the clerk's fee for preparing the clerk's record, and appellant is not entitled to appeal without paying the fee.  On December 21, 2010, this court ordered appellant to show cause in writing by January 3, 2011, why this appeal should not be dismissed for want of prosecution.    Appellant responded by filing a pro se motion requesting

04-10-00717-CV

reconsideration of the court's show cause order; appellant asserts he is indigent, and requests that the clerk's record and reporter's record be filed in this court without the need for payment. On January 7, 2011, a certified copy of the trial court's "Order Sustaining Contests to Affidavit of Inability to Pay Costs on Appeal Filed by Alan Uresti and Ordering Alan Uresti to Pay All Costs of Appeal" was filed in this court. Because the record shows the appellant is not indigent and has failed to pay for preparation of the clerk's record, the appeal is dismissed for want of prosecution. *See* TEX. R. APP. P. 37.3(b). Costs of the appeal are taxed against appellant.

PER CURIAM

Case 5:11-cv-00903-OLG  Document 3  Filed 11/21/11  Page 18 of 19

---

## Texas District & County Courts

### TX District & County - Bexar (District Only)
### (Bexar)

## 2009CI15887

### Alan Uresti v. Michael P Peden Etal

**The case was last updated by the court on Thursday, January 14, 2010**

---

### Header

**Case Number:** 2009CI15887
**Date Filed:** 09/28/2009
**Date Full Case Retrieved:** 01/14/2010
**Status:** Disposed Jan 11 2010 12:00AM
**Misc:** (55) DAMAGES; Civil

[ Summary ] [ Litigants ] [ Attorneys ] [ Proceedings ] [ Orders ]

### Summary

**Court:** 408th District Court

### Litigants

| Name | Type | File Date |
|---|---|---|
| Michael Parker Peden | Defendant | 09/28/2009 |
| Rosario Reyes | Defendant | 09/28/2009 |
| Alan Uresti | Propia Persona | 09/28/2009 |

### Attorneys

| Name | Type | File Date |
|---|---|---|
| Jason Contreras | Defendant | 10/13/2009 |
| Arlene Gay | Defendant | 11/30/2009 |
| Alan Uresti | Propia Persona | 09/28/2009 |

### Proceedings

| # | Date | Type | Details |
|---|---|---|---|
| 00001 | 09/28/2009 | Plaintiff's Original Petition | |
| 00002 | 09/28/2009 | Acknowledgment of Propria Persona Party | |
| 00003 | 09/28/2009 | Request For | 2 Cits |

| 00004 | 09/28/2009 | Service Assigned to Clerk 3 | |
| 00005 | 09/28/2009 | Jury Demand Jury Fee Paid | |
| 00006 | 10/13/2009 | Original Answer | Affirmative Defenses And Request For |
| 00007 | 11/13/2009 | Notice | And Certificate of Service |
| 00008 | 11/30/2009 | Non-Jury | Setting on Plea to The Jurisdiction |
| 00009 | 11/30/2009 | Plea | To The Jurisdiction Special Exception |
| 00010 | 12/04/2009 | Motion For | Summary Judgment of The Honorable |
| 00011 | 12/07/2009 | Non-Jury | Setting on Motion For Summary Judgment |
| 00012 | 12/07/2009 | Amended Petition | |
| 00013 | 01/08/2010 | Objections to | Request For Admissions And Motion For |
| 00014 | 01/11/2010 | Judges Docket Notes | |
| 00015 | 01/11/2010 | Hearing/Trial Crt Reporter Assigned | Mary Helen Vargas |
| 00016 | 01/11/2010 | Case Closed Summary Judgment | |
| 00017 | 01/11/2010 | Bill of Cost Not Mentioned | |

## Orders

| **#** | **File Date** | **Details** |
|---|---|---|
| 00001 | 12/15/2009 | Type: Order<br>Description: Granting Plea to Jurisdiction And<br>Judge: Antonia Arteaga (Toni) |
| 00002 | 01/11/2010 | Type: Order Granting Summary Judgment<br>Description: As to Deft Judge Michael P Peden<br>Judge: Peter Sakai |

Copyright © 2011 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***